**FILED**

JUL 2 8 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BASIL RONALD RAJU,

     Petitioner,

  v.

ALBERTO GONZALES, Attorney General of
the United States,

     Respondent.
              /

No. C 05-0858 MHP

**ORDER**
**Re: Petition for Writ of Habeas Corpus**

   On February 28, 2005, petitioner Basil Ronald Raju filed a petition for writ of habeas corpus challenging final deportation orders issued by the United States Immigration and Customs Enforcement ("ICE"). In his petition, Raju alleges that ineffective assistance of counsel during deportation proceedings prevented him from filing an application for discretionary relief under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c), thereby depriving him of due process of law in violation of the Fifth Amendment of the United States Constitution.

   On April 25, 2005, the court heard arguments from the parties on the merits of Raju's petition and gave Raju the opportunity to submit additional evidence for the purpose of establishing his ineffective assistance of counsel claim. However, on May 11, 2005, the President signed into law the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, Division B (May 11, 2005). Section 106(a) of the REAL ID Act, which became effective immediately upon enactment of the statute, amends the Immigration and Nationality Act so as to preclude habeas review of final orders of deportation issued by the ICE, thereby superceding the Supreme Court's decision in INS v. St. Cyr, 533 U.S. 289 (2001). See 8 U.S.C. § 1252(a)(5). The Act also requires the transfer of habeas corpus petitions pending in district court on its effective date to the appropriate court of appeals. Real ID Act § 106(c).

UNITED STATES DISTRICT COURT
For the Northern District of California

1    It should be noted that the question of whether section 106(a) of the REAL ID Act violates

2    the Suspension Clause, U.S. Const., Art. I, § 9, cl. 2 remains unsettled.  However, at this juncture,

3    the court need not confront the constitutionality of the REAL ID Act.  In addition, by designating the

4    court of appeals as the exclusive judicial forum in which Raju may seek redress, the REAL ID Act

5    lifts the jurisdictional barriers that previously barred that court from reviewing Raju's constitutional

6    claims.  See Fernandez-Ruiz v. Gonzales, 410 F.3d 585 (9th Cir. 2005) (holding that section

7    106(a)(1)(A)(iii) of the REAL ID Act restored judicial review of constitutional claims and questions

8    of law presented in petitions for review of final removal orders entered against aliens convicted of an

9    aggravated felony).  Thus, seeing that it is well-established that a deportable alien is required to

10   exhaust all available judicial remedies prior to seeking habeas corpus relief, see, e.g., Nunes v.

11   Ashcroft, 375 F.3d 810, 816 (9th Cir. 2004), cert. denied, __U.S.__, 125 S. Ct. 1395 (2005), Raju

12   must pursue his claim as a petition for review in the court of appeals.

13   Accordingly, for the reasons stated above, the court hereby ORDERS that the instant action

14   be transferred to the United States Court of Appeals for the Ninth Circuit.  The stay of deportation

15   entered in this action shall remain in place pending further action by the court of appeals.

16   IT IS SO ORDERED

17

18   Date: July 27, 2005

19                                                        MARILYN HALL PATEL

20                                                        District Judge
                                                         United States District Court
21                                                        Northern District of California

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
For the Northern District of California